UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SIDNEY ABUSCH & DARLA J. LEONARD

CIVIL ACTION

VERSUS

NUMBER 14-267-SDD-SCR

UNITED STATES OF AMERICA

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, July 4, 2014.

                      STEPHEN C. RIEDLINGER
                      UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


SIDNEY ABUSCH & DARLA J. LEONARD
VERSUS
UNITED STATES OF AMERICA

CIVIL ACTION

NUMBER 14-267-SDD-SCR

## MAGISTRATE JUDGE'S REPORT

Before the court is the Petition to Quash Summons filed by Sidney Abusch and Darla J. Leonard. Record document number 1.

Petitioners Sidney Abusch and Darla J. Leonard filed their Petition to Quash Summons on May 1, 2014, pursuant to 26 U.S.C. § 7609, et seq., for the purpose obtaining an order quashing a subpoena issued by the Internal Revenue Service on February 27, 2014 to JP Morgan Chase Bank, N.A. in Baton Rouge, Louisiana. The IRS sought production of the petitioners' bank records for the years 2006 - 2010.

Section 7609(b)(2) provides, in relevant part, as follows:

> **(2) Proceeding to quash.**--
> **(A) In general.**--Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2). In any such proceeding, the Secretary may seek to compel compliance with the summons.
> **(B) Requirement of notice to person summoned and to Secretary.**--If any person begins a proceeding under subparagraph (A) with respect to any summons, not later

>than the close of the 20-day period referred to in subparagraph (A) such person shall mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice referred to in subsection (a)(1).

A person seeking to quash an IRS summons must first establish that he has standing to do so. The 20-day period to file a petition to quash is jurisdictional and a petition not filed within that time period must be dismissed. *St. Claire v. United States*, 2010 WL 1245195 *2 (S.D. Cal. 2010) (citing *Ponsford v. United States*, 771 F.2d 1305, 1309 (9th Cir.1985)). The 20-day time period begins on the date that notice of IRS summons is mailed to the taxpayer, not the date on which the taxpayer receives the notice. *Id*. Petitioner must mail the petition to quash to the third-party identified in the summons and to the IRS officer shown on the face of the summons within 20 days. *Mollison v. United States*, 568 F.3d 1073, 1076 (9th Cir.2009). The failure to mail the petition to quash to either the party summoned or the IRS officer shown on the face of the summons within the statutory time period deprives the court of jurisdiction and requires dismissal. *Kirkland v. I.R.S.*, 2010 WL 4317006 (D.Nev. 2010). Furthermore, "[i]f a person entitled to notice of the summons fails to give proper and timely notice to either the summoned person or the IRS ... that person has failed to institute a proceeding to quash and the district court lacks the jurisdiction to hear the proceeding." 26 C.F.R. § 301.7609-4(b)(3). The failure to timely institute a

proceeding to quash raises a presumption that the required notification to the summoned person and the IRS was not mailed timely. 26 C.F.R. § 301.7609-4(c). Numerous courts have held that the petitioner's failure to timely file a proceeding to quash the summons, or the failure to timely mail notice to the person summoned and to the IRS, requires dismissal of the action for lack of jurisdiction. *Marks v. U.S.*, 2006 WL 36856 (S.D.N.Y. 2006)(citing cases)(petition to quash summons filed more than 20 days after notice and not served on respondents dismissed for lack of jurisdiction).

In addition to the fact that the Petition was filed more than 60 days after the date the summons was issued,[1] nothing in the Petition indicates that the petitioners timely mailed, by registered or certified mail, a copy of the Petition to JC Morgan Chase Bank, N.A. and to the IRS.

Petitioners failed to alleged in their Petition facts sufficient to show that their Petition was filed timely, and that they timely mailed notice of the Petition to J.C. Morgan Chase Bank, N.A. and to the IRS. Consequently, the petitioners failed to show that this court has jurisdiction to consider their Petition.

---

[1] The Petition does not allege the date on which the petitioners received notice of the summons.

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the Petition to Quash Summons filed by Sidney Abusch and Darla J. Leonard be dismissed for lack of jurisdiction.

Baton Rouge, Louisiana, July 4, 2014.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE